Judge Underwood,
delivered the opinion of the court.
Ennis sued Henry’s administrator in assumpsit. The declaration contained three counts. The first count, alleged in substance, that the plaintiff employed the intestate as an attorney at law, to collect from W. and J. H. Sterman, the sum of $3,000 in notes of the bank of the commonwealth; that in pursuance of the engagement, the intestate did collect the said sum in the notes of said bank, from said Stermans, for the plaintiff, in consideration whereof, the intestate undertook and promised to pay the plaintiff, the said sum of $3,000 in notes of the bank of the commonwealth, when thereunto he should be requested.
The second count alleges that the defendant’s intestate was indebted $3,000 for so much paper on the hank of the commonwealth lent and advanced, in consideration whereof, he assumed, &c.
The third count alleges that the defendant’s Intestate was indebted $3,000 for So much bank paper had .and received to the plaintiff’s use, in consideration whereof he assumed, &c.
The defendant demurred to each count, and the court gave judgment upon the demurrers for the do- *248 fondant. The first question involves the propriety of this decision of the court.
Assumpsit lies ‘against attoruies solicitors, wharfingers, innkeepers, carriers and other bailees for neglect or other breach of duty.
The law implies an undertaking by attorneys, surgeons, innkeepers, carriers, &,c. to be careful and diligent in the discharged’their business or avocations.
And for a breach of this implied promise, assumpsit will lie.
When an at-to.ncy at law, collects bank notes for his client, an implied undertaking results, that ho will pay over the bank notes when requested ; and on his failure so to do,assumpsit will lie against him for ■a breach of '••the implied undertak-
The first count is good, and the demurrer to it ought to have been overruled. It is a special count, and lays the foundation of the defendant’s liability upon the reception of $3,090 in bank notes by his intestate, as the attorney for (he plaintiff. Cliitty lays it down, “that assumpsit will lie for the breach of all parol or simple contracts, whether verbal or written, or express or implied; or for the payment of money; or for the performance or omision of any other act;” Vol. 1, 90. At page 92, he says, “assumpsit lies against attornies and solicitors, wharfingers, surgeons, innkeepers, carriers, and other bailees for neglect, or other breach of duty.” Why will assumpsit lie against attonnes, &c. for negléct? It is because the law implies an undertaking on the part of persons using these avocations for a livelihood, to be careful and diligent in the discharge of their business. On this implied promise, the action of assumpsit may be sustained. See the form of the declaration against an attorney for negligence; IL Cliitty, 134, and note (N,) and the authorities therein referred to.
When Robert P. Henry, the intestate, collected the hank notes for the plaintiff, as his attorney, an implied undertaking resulted, that he would pay over the notes when requested. This is the business of an attorney, and it his duty thus to act towards his client, and if he fails to discharge it on request, assumpsit lies upon the implied, and not upon an express contract. This does not conflict with the doctrine, that the general counts in the action of assumpsit can only be sustained by proof of a consideration in money. It is admitted, that bank notes are not, strictly speaking, money in this country. It has often been so decided by this court. The two last counts are bad, because they go for money, when the consideration is property, and because these counts drop the character of R. r. Henry as the attorney of the plaintiff. An attorney or bailee who may have the property of his client, or the bailor in possession, impliedly assumes to pay it, or band it over. This may not be the case, where this *249 relation does not subsist. The demurrer was improperly sustained to the first count. J
Denny and Triplett, for plaintiff; Monroe, for defendant.
The other errors assigned need not be noticed.
Judgment reversed with costs, and the cause remanded for proceedings not inconsistent with this opinion.
It is error, in closing^ f01°' mortgage, to leaveit with sioner aopointed to Veil, to decide wheth- or tenderas made, and to authorise him fault to maleé the sale. *
In a proceeding to foreclose a mortgage, it is proper, to give a clay in term time for the payment of the mortgage mo.ney, in order that the defendant may show the fact of payment or tender, by bringing tho money into court and there depositing it for the complainant. In a proceeding to foreclose a mortgage a final decree should not be rendered, nntil the record exhibits the failure of mortgagor to comply with the nisi decree.
Improper, to , suffer the correctness of a final decree , to depend on . contingencies.
Hanson, for plaintiff.